ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| AGUSTÍN CRESPO RIVERA y JOSÉ ANTONIO CRESPO RIVERA<br><br>**PARTE PETICIONARIA**<br><br>v.<br><br>JUAN JOSÉ CRESPO RIVERA; JUAN JOSÉ CRESPO HILL<br><br>**PARTE RECURRIDA**<br><br>JUAN JOSÉ CRESPO RIVERA y otros<br><br>**PARTE RECURRIDA**<br><br>v.<br><br>AGUSTÍN CRESPO RIVERA y otros<br><br>**PARTE PETICIONARIA**<br><br>JUAN JOSÉ CRESPO RIVERA; JUAN JOSÉ CRESPO HILL; FIDEICOMISO JCR-IRM-2<br><br>**PARTE RECURRIDA**<br><br>v.<br><br>AGUSTÍN CRESPO RIVERA; JOSÉ ANTONIO CRESPO RIVERA y otros<br><br>**PARTE PETICIONARIA** | **TA2026CE00140** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Fajardo<br><br>Civil Núm.: **FA2024CV00289(302)** SOBRE: REMOCIÓN DE ALBACEA; NULIDAD DE DISPOSICIÓN TESTAMENTARIA; DIVISIÓN DE COMUNIDAD HEREDITARIA<br><br>CONSOLIDADO CON<br><br>Civil Núm.: **LU2024CV00057(302)** SOBRE: NULIDAD DE DESTITUCIÓN, NOMBRAMIENTO Y ACEPTACIÓN DE CARGO DE FIDUCIARIO, NULIDAD DE ESCRITURA DE CESIÓN, NULIDAD DE ESCRITURA DE TERMINACIÓN DE FIDEICOMISO, REIVINDICACIÓN DE INMUEBLE Y DAÑOS Y PERJUICIOS CONSOLIDADO CON<br><br>Civil Núm.: **FA2024CV00663(302)** Sobre: NULIDAD DE NOMBRAMIENTO Y ACEPTACIÓN DE CARGO DE FIDUCIARIO; NULIDAD DE ESCRITURA DE TERMINACIÓN DE FIDEICOMISO; NULIDAD DE ESCRITURAS DE PERMUTA Y COMPRAVENTA; ACCIÓN DERIVATIVA Y REIVINDICACIÓN DE INMUEBLES; COBRO DE DINERO; DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 13 de febrero de 2026.

Comparece ante nos el señor Agustín Crespo Rivera

y el señor José Antonio Crespo Rivera mediante *Moción*

*Urgente en Auxilio de Jurisdicción* y *Recurso de Certiorari,* y nos solicitan la paralización de los procedimientos en los casos consolidados de epígrafe y la revisión de una *Resolución* emitida y notificada el 26 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Fajardo. En el referido dictamen, el foro primario declaró *No Ha Lugar* a las mociones de desestimación de la *Segunda Demanda Enmendada* en el caso FA2024CV00663.

Por los fundamentos que expondremos a continuación, adelantamos que **DENEGAMOS** el auto de *certiorari.*

## I.

La controversia ante nos comenzó el 2 de abril de 2024, cuando el señor Agustín Crespo Rivera y el señor José Antonio Crespo Rivera (en adelante la parte peticionaria) presentaron una *Demanda*[1] contra el señor Juan José Crespo Rivera y el señor Juan José Crespo Hill (en adelante la parte recurrida). Adujo que las partes componían una comunidad hereditaria sobre el caudal del señor Juan Crespo Ramos (en adelante el causante) y la señora Ivonne Rivera Mujica (en adelante la causante). Ello debido a que, tanto los peticionarios como el recurrido, el señor Juan José Crespo Rivera, eran hijos de los causantes. Por su parte, el señor Juan José Crespo Hill era nieto de los causantes. Añadió que ambos causantes otorgaron sus respectivas Escrituras de Testamento Abierto el 4 de marzo de 2020 y el 14 de diciembre de 2019; sin embargo, fallecieron el 6 de agosto de 2022 y el 21 de octubre de 2023,

---

[1] *Demanda*, Entrada Núm. 1 en Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Primera Instancia (SUMAC TPI).

respectivamente. En esencia, solicitó la remoción del recurrido, el señor Crespo Rivera, como albacea; la nulidad de unas disposiciones testamentarias y, la división de las comunidades hereditarias.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Ante un recurso de *certiorari*, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. *Caribbean Orthopedics v. Medshape et al.*, supra; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019). La precitada regla dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable

de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd*.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no

acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción. *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones